UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARIEL M.,

     Plaintiff,

 v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

Case No. 3:22-cv-05872-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

  Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for Supplemental Security Income (SSI) and Disabled Child Insurance Benefits (DCIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. Pro. 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's (ALJ's) July 13, 2022, decision finding plaintiff not disabled prior to her application date. Dkt. 5, Complaint.

  Plaintiff filed her application for SSI and DCIB on January 6, 2017, with an amended date of onset alleged as March 20, 2011. AR 637, 668. She turned twenty-two in 2015. AR 35.[1] In January 2019 and May 2019, hearings were held in front of the ALJ.

---

[1] Plaintiff's ability to receive benefits for the period before January 6, 2017, hinges on her ability to show she was disabled before she turned twenty-two in 2015. *See* 20 C.F.R. § 404.350(a)(5) (requiring a showing that "disability . . . began before [claimant] became 22 years old" for disabled child insurance benefits); *Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017) ("[A] claimant . . . cannot receive [SSI]

AR 49–107. In July 2019, the ALJ issued a decision finding plaintiff not disabled. AR 30–48. In July 2021, United States Magistrate Judge David Christel reversed that decision and remanded for further proceedings pursuant to a stipulation. AR 723–35. The Appeals Council vacated the July 2019 decision and remanded the case to the ALJ with specific instructions. AR 728–30.

In the interim, plaintiff filed a subsequent application for SSI on November 4, 2020, and she was found disabled at the initial determination stage. AR 638, 910–21.

The ALJ held a second hearing on June 28, 2022. AR 661–79. The ALJ considered whether plaintiff was disabled from her alleged date of onset, March 20, 2011, through November 3, 2020. AR 638. The ALJ found that plaintiff was not disabled from March 20, 2011, to January 6, 2017 ("the relevant time period"), but that she was disabled from that date through November 3, 2020. AR 638–49.

## DISCUSSION

1. **Whether the Court should reverse with a direction to award benefits.**

The parties agree that the ALJ committed reversible error in finding plaintiff not disabled during the relevant time period. Dkt. 15; Dkt. 22 at 2. Plaintiff asks the Court to reverse and remand for an award of benefits. Dkt. 15 at 17; Dkt. 23 at 7–9. Defendant argues the proper remedy is to remand for additional proceedings. Dkt. 22 at 2–5.

"'The decision whether to remand a case for additional evidence, or simply to award benefits . . . is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.

---

benefits for any period before her application date.") (citing 42 U.S.C. §§ 1382(c)(2), (c)(7), 1382c(a)(3)(A)).

2

1987)). The Court "generally remand[s] for an award of benefits only in 'rare circumstances.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004)).

> A remand for award of benefits is proper only if
>
> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo*, 871 F.3d at 682–83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Even if each element is satisfied, the Court retains discretion to remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Court should "remand for further proceedings when . . . an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021. And "if additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded for further proceedings." *Trevizo*, 871 F.3d at 682 (cleaned up).

The Court is mindful that there has been a previous decision of this Court reversing and remanding for additional proceedings (AR 723–25) and that new medical evaluations regarding plaintiff's conditions during the relevant time period are unlikely to be forthcoming.

Nevertheless, the Court cannot conclude that further administrative proceedings would not be useful or that crediting the improperly evaluated evidence as true would require the ALJ to find plaintiff disabled. Factual issues remain related to plaintiff's date of disability onset and the extent to which evidence from 2017 onwards relates to the

3

relevant period. Although providing another opportunity to assess improperly evaluated evidence is not a useful purpose under the first prong of the test, *Garrison*, 759 F.3d at 1021–22, "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate," *Treichler*, 775 F.3d at 1101. "When further proceedings are necessary to determine the onset date, it is appropriate to remand for those proceedings." *Dominguez v. Colvin*, 808 F.3d 403, 409–10 (9th Cir. 2015) (as amended) (citing *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010)).

There is an ambiguity as to whether the medical opinions relied upon by plaintiff relate to the relevant period. Examining medical providers Kimberly Wheeler, Ph.D. (AR 505–09), and Terilee Wingate, Ph.D. (AR 549–53), opined that plaintiff has several severe and marked limitations. But the opinions were rendered in March 2017 and February 2019, respectively. AR 505, 549. Neither opinion had focused on the relevant time period. *See* AR 505–09, 549–53. Dr. Wheeler's opinion was based on case notes from February 2017 and a contemporaneous examination, while Dr. Wingate's opinion was based on Dr. Wheeler's evaluation, her own February 2019 examination, and an April 2017 examination. AR 505, 549. Although the opinions discuss plaintiff's history of family issues and social difficulties, it is unclear whether or how much this history would have informed the opined limitations. *See* AR 505–09, 549–53.

Similarly, medical expert Jay Toews, Ed.D. (AR 676–78), testified generally as to plaintiff's condition but did not discuss the relevant time period or the extent of plaintiff's pre-2015 impairments.

It is therefore unclear whether these opinions pertain to the relevant period or indicate disability prior to plaintiff's twenty-second birthday. The ALJ assumed without explanation — erroneously, as both parties agree — that the opinions did not do so. *See* AR 642–45, 649. This is a factual issue that must be resolved by the ALJ on remand. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Treichler*, 775 F.3d at 1101; *see also Dominguez*, 808 F.3d at 409–10 (9th Cir. 2015).

For the same reason, it is unclear whether — if these opinions were credited as true — the ALJ would be required to find plaintiff disabled. *See Luna*, 623 F.3d at 1035 (where "ALJ did not reach the issue of when [claimant's] disability began, and the evidence she want[ed] credited does not identify a particular onset date," remand for further proceedings was the proper remedy). Moreover, two state agency consulting psychologists specifically opined plaintiff had few limitations during the period between her eighteenth and twenty-second birthdays. *See* AR 120–24, 158–60. Although Drs. Wheeler and Wingate's opinion are given greater weight under the regulations applicable to this case, *see Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995), such opinions would not be controlling if immaterial to the relevant period, *cf. id.* at 832.

Similar ambiguities exist with respect to plaintiff's subjective testimony. Plaintiff testified about social difficulties (AR 79–81, 674), the ineffectiveness of medication she took in 2019 (AR 76), her familial relationships (AR 84–85), and her nightmares (AR 86–87), but her testimony did not discuss how long such difficulties had lasted. She briefly testified about pre-2011 difficulties in school, including issues with her ability to function in a classroom (AR 78–79) and social difficulties at school (AR 83–84). But there is evidence suggesting she did not have the same difficulties with intellectual functioning

at this time. *See e.g.*, AR 370 (noting "low average to average range" skills other than mathematical capabilities); *Dominguez*, 808 F.3d at 409–10 (inconsistencies with medical evidence preclude applying credit-as-true rule). And plaintiff's statements that she "panicked a lot" and "didn't like the other kids or the teachers" while in school (AR 83) do not establish that she had disabling social issues during the relevant time period.

Thus, there is an insufficient record on which to assess the extent of plaintiff limitations during the relevant time period, and plaintiff's testimony, if credited, does not necessarily require a finding of disability. *See Luna*, 623 F.3d at 1035 (quoting *Bird Conservancy v. FCC,* 545 F.3d 1190, 1195 n. 3 (9th Cir. 2008) ("The proper remedy for an inadequate record ... is to remand to the agency for further factfinding.")).

Because factual issues remain, this case does not present a "rare circumstance" requiring remand for an award of benefits. *Treichler*, 775 F.3d at 1100. "Indeed, a court abuses its discretion if it remands for an award of benefits when not all factual issues have been resolved." *Id.* at 1101 n.5. A remand for further proceedings is therefore the proper remedy.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, including a *de novo* hearing.

Dated this 14th day of December, 2023

Theresa L. Fricke
United States Magistrate Judge